IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JERRY DRAKE,                     )
                                 )
          Plaintiff,             )
                                 )     1:13cv694
     v.                          )
                                 )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social           )
Security,                        )
                                 )
          Defendant.             )
```

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

Plaintiff Jerry Drake brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)) ("the Act"), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claim for a period of disability and disability insurance benefits. The parties have both filed motions for a judgment on the pleadings (Docs. 12, 15), Drake has filed a motion to supplement the record (Doc. 10), and the administrative record has been certified to the court for review. For the reasons set forth below, the Commissioner's motion will be granted, Drake's motions will be denied, and this case will be dismissed.

I.   BACKGROUND

On September 3, 2009, Drake filed an application for a period of disability and disability insurance benefits. (Tr.

279-82.)[1] He alleged that he became disabled on August 19, 2009, and continued to be disabled at the time of filing. (Id.)

Drake alleged that his disability arose from multiple sources. He sustained injuries while playing football at Hastings College and later while playing professional football in the National Football League ("NFL") for the Arizona Cardinals. (Id. 279, 676.) Thereafter, Drake held various jobs. While working in the community, he suffered four gunshot wounds, sustaining additional injuries. (Id. at 469, 647.)

The Commissioner denied Drake's initial application for disability and again on reconsideration. (Id. at 148–51, 162–69.) Drake then requested and received a hearing on September 3, 2009, before an administrative law judge ("ALJ"). (Id. at 127.) Drake appeared at the hearing before ALJ Larry A. Miller, represented by an attorney, with Rochelle R. Evans, an impartial vocational expert ("VE"), also appearing. (Id.) On April 11, 2011, the ALJ issued a decision finding Drake disabled from August 19, 2009, through November 9, 2010, inclusively, but not thereafter. (Id. at 127–41.)

Drake petitioned the Social Security Appeals Council to review this decision. The Appeals Council granted the petition,

---

[1] Transcript citations refer to the Administrative Transcript of Record (Docs. 6–7 and accompanying exhibits) filed with the Commissioner's Answer (Doc. 5).

vacated the prior decision, and remanded the case to the ALJ to determine Drake's earnings during the period he was deemed disabled. (Id. at 145.) The Appeals Council did not question the unfavorable portion of the decision finding Drake not disabled after November 9, 2010. (Id. at 25.)

On remand, a second hearing was held before ALJ Miller on October 5, 2012. (Id.) Drake again appeared with counsel, and VE Julie Sawyer-Little also appeared. (Id.) The ALJ issued a second decision on October 30, 2012, again finding that Drake was only disabled for the closed period from August 19, 2009, through November 9, 2010, inclusive. (Id. at 25-40.) On November 29, 2012, Drake again requested review by the Appeals Council, claiming only, "I am disabled." (Id. at 20.) The Appeals Council denied Drake's request for review of this decision, making the ALJ's second decision the final decision of the Commissioner. (Id. at 1-4.)

The ALJ's second decision relied in part on the medical opinions of Drs. Michael J. Einbund and Dakota Cox. Dr. Einbund physically examined Drake and his medical records on behalf of the NFL to determine the extent of Drake's football-related injuries. (Id. at 644-74.) Dr. Cox assessed Drake's condition based on a review of Drake's medical records. (Id. at 117-19.) In rendering his disability determination, the ALJ made the following relevant findings later adopted by the Commissioner:

3

12. The claimant has not developed any new impairment or impairments since November 10, 2010, the date the claimant's disability ended. Thus, the claimant's current severe impairments are the same as that present from August 19, 2009 through November 9, 2010.

. . . .

14. Medical improvement occurred as of November 10, 2010, the date the claimant's disability ended (20 CFR 404.1594(b)(1)).

. . . .

15. The medical improvement that has occurred is related to the ability to work because there has been an increase in the claimant's residual functional capacity (20 CFR 404.1594(b)(4)(i)).

. . . .

16. After careful consideration of the entire record, the undersigned finds that, beginning November 10, 2010, the claimant has had the residual functional capacity to perform sedentary work, the ability to stand/walk two hours in an eight-hour day, sit six hours in an eight hour-day, and lift, carry, push, and pull up to ten pounds occasionally, as defined in 20 CFR 404.1567(a) except the claimant was able to use his right hand frequently for fingering and handling; the claimant could perform only occasional crouching and stooping, and he was unable to perform any balancing, climbing, kneeling, crawling, working at heights, or around dangerous machinery.

. . . .

21. Beginning November 10, 2010, considering the claimant's age, education, work experience, and residual functional capacity, there have been jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566).

. . . .

22. The claimant's disability ended November 10, 2010 (20 CFR 404.1594(f)(8)).

(Id. 35-39.)

After unsuccessfully seeking review of his case by the Appeals Council, Drake filed the present complaint with this court on August 23, 2013. He also seeks to supplement the record with a transcript from another ALJ hearing. (Doc. 11.)

## II. ANALYSIS

### A. Standard of Review

Federal law "authorizes judicial review of the Social Security Commissioner's denial of social security benefits." Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). However, "the scope of . . . review of [such an administrative] decision . . . is extremely limited." Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981). "The courts are not to try the case de novo." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974). Instead, "a reviewing court must uphold the factual findings of the ALJ [underlying the denial of benefits] if they are supported by substantial evidence and were reached through application of the correct legal standard." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (citations omitted) (internal brackets omitted) (setting out the standards for judicial review). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hunter v.

Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (quoting Richardson v. Perales, 402 U.S. 389, 390 (1971)). "[I]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." Hunter, 993 F.2d at 34 (quoting Laws, 368 F.2d at 642) (internal quotation marks omitted).

"In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ, as adopted by the Social Security Commissioner]." Mastro, 270 F.3d at 176 (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)) (internal brackets omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Social Security Commissioner or the ALJ]." Hancock, 667 F.3d at 472 (quoting Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)). The issue before this court, therefore, "is not whether [the claimant] is disabled, but whether the ALJ's finding that [the claimant] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." Craig, 76 F.3d at 589.

6

In undertaking this limited review, the court notes that in administrative proceedings, "[a] claimant for disability benefits bears the burden of proving a disability." Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). In this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" Id. (quoting 42 U.S.C. § 423(d)(1)(A)).[2]

"The Commissioner uses a five-step process to evaluate disability claims." Hancock, 667 F.3d at 472 (citing 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4)).

> Under this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.

Id. The claimant bears the burden as to the first four steps, but the Commissioner bears the burden as to the fifth step. Id.

---

[2] "The Social Security Act comprises two disability benefits programs. The Social Security Disability Insurance Program . . . provides benefits to disabled persons who have contributed to the program while employed. The Supplemental Security Income Program . . . provides benefits to indigent disabled persons. The statutory definitions and the regulations . . . for determining disability governing these two programs are, in all aspects relevant here, substantively identical." Craig, 76 F.3d at 589 n.1 (internal citations omitted).

at 472-73.

In undertaking this sequential evaluation process, the five steps are considered in turn, although a finding adverse to the claimant at either of the first two steps forecloses a disability designation and ends the inquiry. In this regard, "[t]he first step determines whether the claimant is engaged in 'substantial gainful activity.' If the claimant is working, benefits are denied. The second step determines if the claimant is 'severely' disabled. If not, benefits are denied." Bennett v. Sullivan, 917 F.2d 157, 159 (4th Cir. 1990).

If a claimant carries his burden at each of the first two steps and also meets his burden at step three of establishing an impairment that meets or equals an impairment listed in the regulations, the claimant is disabled, and there is no need to proceed to step four or five. See Mastro, 270 F.3d at 177. Alternatively, if a claimant clears steps one and two, but falters at step three, i.e., "[i]f a claimant's impairment is not sufficiently severe to equal or exceed a listed impairment," then the analysis continues and the ALJ must assess the claimant's RFC. Id. at 179.[3] Step four then requires the ALJ to

---

[3] "RFC is a measurement of the most a claimant can do despite [the claimant's] limitations." Hines, 453 F.3d at 562 (noting that administrative regulations require RFC to reflect claimant's "ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis . . . [which] means 8 hours a day, for 5 days a week, or an equivalent work schedule" (internal

8

assess whether, based on that RFC, the claimant can "perform past relevant work"; if so, the claimant does not qualify as disabled. Id. at 179-80. However, if the claimant establishes an inability to return to prior work based on that RFC, the analysis proceeds to the fifth step, which shifts the burden of proof and "requires the Commissioner to prove that a significant number of jobs exist which the claimant could perform, despite [the claimant's] impairments." Hines, 453 F.3d at 563. In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's RFC] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." Hall, 658 F.2d at 264-65. If, at this step, the Commissioner cannot carry her "evidentiary burden of proving that [the claimant] remains able to work other jobs available in the community," the claimant qualifies as disabled. Hines, 453 F.3d at 567.

### B. Drake's Need for a Cane

Drake argues that the ALJ failed to consider his need for a

---

emphasis and quotation marks omitted)). The RFC includes a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory, or skin impairments)." Hall, 658 F.2d at 265. "RFC is to be determined by the ALJ only after [the ALJ] considers all relevant evidence of a claimant's impairments and any related symptoms (e.g., pain)." Hines, 453 F.3d at 562-63.

cane in his RFC finding and in his hypothetical question to the VE. (Doc. 13 at 4.) As to the RFC finding, Drake's argument is factually incorrect. The ALJ noted and clearly considered Drake's testimony that he could and did use both a wheelchair and cane to move. In the RFC finding, the ALJ specifically noted, "The claimant said he had difficulty getting around and when he went shopping, he used a cane and brought a chair with him." (Tr. at 36.) The ALJ also noted Dr. Einbund's assessment that Drake "ambulated with a cane and exhibited a marked limping gait." (Id. at 37.) Additionally, while explaining Drake's improvement, the ALJ found that "[t]he evidence showed the claimant was even doing well by March 2010. The claimant had used a wheelchair and cane to ambulate, and he was able to transfer independently and take care of his own self-care; the more recent evidence showed more use of a cane." (Id.)

It is true, however, that the ALJ did not include the use of a cane or wheelchair in his hypothetical questions to the VE at either of the proceedings before the ALJ. (See id. at 69–71; 93–94.) Drake made no objection to these hypotheticals, nor did Drake's attorney include a cane limitation in his own questions to the VE. (See id. at 69–73; 93–95.) Having failed to alert the ALJ to this perceived issue, Drake complains of it as reversible error for the first time to this court.

10

The issue is whether a district court must consider an alleged error in an ALJ's hypothetical question to a VE where the claimant had the opportunity to object or pose his own, correct hypothetical question to the VE.[4] The consensus of courts that have considered the issue as presented in this case have reached the same conclusion: district court review of the alleged error by the ALJ has been waived. Even though disability benefits hearings "are non-adversarial in nature," claimants, especially those represented by counsel, "must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999), as amended (June 22, 1999). This rule applies even at this fifth step of the sequential evaluation, where the agency carries the burden of proof. See id. at 1114–15; Hammond v. Chater, No. 96-3755, 1997 WL 338719, at *1–3 (6th Cir. 1997); Helsper v. Colvin, No. 12-0708 SRN/SER, 2013 WL 3974174, at *19 n.19 (D. Minn. July 30, 2013).

In an indistinguishable case from the Ninth Circuit, a claimant argued that an ALJ's hypothetical question to the VE failed to mention depression as a limitation. That court found the claimant's failure to pose his own question to be a waiver

---

[4] Although the Commissioner has not raised waiver in its brief, the courts finds it appropriate to raise the issue sua sponte. Cf. Clodfelter v. Republic of Sudan, 720 F.3d 199, 208 (4th Cir. 2013) (permitting district courts to consider preclusion defenses sua sponte).

11

of the issue on review to the district court:

> The only limitation that substantial evidence arguably supports and that the ALJ failed to include in his hypothetical questions is depression. However, as noted above, Howard waived any claim he may have had on this issue. Howard's attorney had two opportunities to pose his own hypothetical questions to the VE, and he never mentioned depression as a limitation.

Howard v. Astrue, 330 F. App'x 128, 130 (9th Cir. 2009).

Just as in Howard, the ALJ explicitly gave Drake, who was represented by counsel, two opportunities, one at each of his proceedings before the ALJ, to object to the ALJ's hypothetical question and to pose his own question with the alleged cane limitation included. Drake's failure constitutes waiver of the right to have the issue litigated in this court. Were this court to hold otherwise, there could be an endless number of bites at the apple that would wreak "havoc, severely undermining the administrative process." Mills v. Apfel, 244 F.3d 1, 8 (1st Cir. 2001).

The Court of Appeals for the Fourth Circuit has held that, "[a]s a general matter, it is inappropriate for courts reviewing appeals of agency decisions to consider arguments not raised before the administrative agency involved." Pleasant Valley Hosp., Inc. v. Shalala, 32 F.3d 67, 70 (4th Cir. 1994); accord Clagg v. Chater, 1995 WL 679841, at *1 (4th Cir. 1995) (per curiam). District courts in this circuit have applied that

12

general rule in social security cases and found a waiver by the claimant. See, e.g., Bunton v. Colvin, No. 1:10CV786, 2014 WL 639618, at *5 (M.D.N.C. Feb. 18, 2014) (collecting cases), adopted, No. 1:10CV786 (M.D.N.C. Mar. 10, 2014); Tolliver v. Astrue, No. 3:09CV372-HEH, 2010 WL 3463989, at *5–6 (E.D. Va. Sept. 3, 2010). This approach accords with the conclusions of other circuits. See, e.g., Bechtold v. Massanari, 152 F. Supp. 2d 1340, 1346 (M.D. Fla. 2001) ("Therefore, [claimant], when squarely presented with an opportunity to object to the characterization by the administrative law judge of the nature of her past relevant employment, failed to do so. Such failure constitutes a waiver of her right to raise the argument before this Court at this time."), aff'd sub nom. Bechtold v. Barnhart, 31 F. App'x 202 (11th Cir. 2001); Harhaw v. Colvin, No. 1:12-CV-01776-BAM, 2014 WL 972269, at *4–5 (E.D. Cal. Mar. 12, 2014).[5]

Therefore, even assuming that the ALJ erred by not including Drake's need for a cane in his hypothetical question

---

[5] These conclusions are not foreclosed by the Supreme Court's opinion in Sims v. Apfel, 530 U.S. 103 (2000). In Sims, a plurality of the Court held that issues raised before the Social Security ALJ, but not the Appeals Council, are not waived for review by the district court. Id. at 105 (plurality opinion). The Court explicitly did not reach the problem of whether issues must be raised before the ALJ in order to be reviewed by a district court. See id. at 107 ("Whether a claimant must exhaust issues before the ALJ is not before us."). Federal courts have uniformly refused to extend the holding of the Sims plurality opinion to instances where new issues are raised before the district court that were not addressed to either the ALJ or the Appeals Council when given the opportunity to do so. See, e.g., Harhaw, 2014 WL 972269, at *4.

13

to the VE, Drake has waived review of that error before this court by failing to object or include the need for a cane in his own hypothetical questions to the VE.

**C. Drake's Need to Change Positions Frequently**

Drake argues that the ALJ failed to consider in his RFC finding Drake's need to "change positions frequently." (Doc. 13 at 5.) He also argues that the ALJ failed to include this need in his hypothetical question to the ALJ. (Id.)

There was substantial evidence to support the ALJ's omission of this alleged need from the RFC finding. Drake's only support for this proposition is Dr. Einbund's May 3, 2011, report. (Doc. 13 at 5.) However, Dr. Einbund's only mention of the need to change positions is explicitly noted as a complaint reported by Drake. (Tr. at 647–48.) This was not a conclusion based on Dr. Einbund's medical opinion.

Drake reported to Dr. Einbund that he had to "reposition often due to pain." (Id. at 648.) However, the ALJ specifically determined that Drake's own statements regarding the "intensity, persistence and limiting effects" of his pain were not credible. (Id. at 36.) This conclusion of credibility was specifically explained based on facts in the record. (Id. at 36–38.) It is not for this court to "re-weigh" the ALJ's credibility determinations. Mastro, 270 F.3d at 176 (quoting Craig, 76 F.3d at 589). When an "ALJ's assessment of a

14

claimant's credibility regarding the severity of pain . . . is supported by the record," then it is "entitled to great weight." Kearse v. Massanari, 73 F. App'x 601, 603 (4th Cir. 2003). Therefore, it was not erroneous for the ALJ to omit from his RFC finding Drake's alleged need to change positions due to his pain. And because this omission "adequately reflected" an RFC for which the ALJ had sufficient evidence, the ALJ had no obligation to include it in his hypothetical question to the VE. Fisher v. Barnhart, 181 F. App'x 359, 364 (4th Cir. 2006) (quoting Johnson v. Barnhart, 434 F.3d 650, 659 (4th Cir. 2005)).

### D. Drake's Reduced Neck Range of Motion

Similarly, Drake argues that the ALJ failed to consider in his RFC finding Drake's "pain and lack of neck mobility." (Doc. 13 at 5.) He also argues that the ALJ failed to include this in his hypothetical question to the ALJ. (Id.)

The record shows that the ALJ did consider Drake's neck pain and lack of mobility in his RFC assessment: "[Dr. Einbund] stated the claimant's neck and low back pain restricted him to light work. . . . This opinion was given significant weight as this assessment was consistent with the sedentary level of exertion with postural, manipulative, and environmental limitations assessed by the undersigned." (Tr. at 37 (emphasis added).) Dr. Einbund concluded that Drake's neck problems

15

limited him to "light work." (Id. at 669.) The ALJ's RFC assessment was even more restrictive, limiting Drake to "sedentary work." (Id. at 38.) Therefore, Drake's challenge to the RFC assessment is without merit.

In his hypothetical questions to the VE, the ALJ restricted Drake's exertional capacity to "sedentary work." (Id. at 69, 94.) To the extent the ALJ was required to include in his hypothetical questions to the VE Drake's neck pain and lack of mobility, those arguments have been waived for the same reasons as Drake's cane argument. Drake neither objected to the hypothetical question nor included any neck issues in his own questions to the VE. (See id. at 69-73; 93-95.)

**E.   The ALJ's Crediting of Dr. Cox's Opinion**

Drake contends that it was unreasonable for the ALJ to give significant weight to Dr. Cox's medical opinion because the doctor opined that Drake was not disabled for the closed period that the ALJ had actually found Drake to be disabled. (Doc. 13 at 5-6.) Drake offers no relevant authority for why this would require reversal.

The ALJ did not necessarily consider all of the same evidence that Dr. Cox considered in reaching his conclusion. See SSR 96-5P ("The [RFC] assessment is based upon consideration of all relevant evidence in the case record, including medical evidence and relevant nonmedical evidence, such as observations

16

of lay witnesses of an individual's apparent symptomatology, an individual's own statement of what he or she is able or unable to do, and many other factors that could help the adjudicator determine the most reasonable findings in light of all the evidence."). When an ALJ evaluates medical opinion evidence, he "need not accept or reject an opinion in full. Rather, the ALJ should give weight to the medical opinion to the extent that it is supported by the evidence of record." Kozel v. Astrue, No. CIV. JKS-10-2180, 2012 WL 2951554, at *5 (D. Md. July 18, 2012) (citing 20 C.F.R. § 404.1527(c)(2)). Thus, the ALJ was permitted to rely in part and reject in part Dr. Cox's opinions, especially where the rejection of the medical opinion redounded to the benefit of the claimant.

**F. Drake's Motion to Supplement**

Drake has also moved this court to remand the case because of new evidence. (Doc. 11.) Drake proposes to supplement the administrative record with the transcript of VE Julie Sawyer-Little from another case where she allegedly testified that a person who needs a cane cannot perform sedentary work. (Id. at 2.)

Under Miller v. Barnhart, 64 F. App'x 858 (4th Cir. 2003), a reviewing court "may remand" on the basis of new evidence when four prerequisites are met:

> (1) the evidence must be relevant to the determination of disability at the time the application(s) was first filed; (2) the evidence must be material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before her; (3) there must be good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant must make at least a general showing of the nature of the new evidence to the reviewing court.

Id. at 859-60 (emphasis added) (citing Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985) and 42 U.S.C. § 405(g)).

The court finds that the prerequisites are not met in this case. First, the evidence pushes the bounds of relevance. A VE's opinion is based on a wide host of factors that are necessarily unique to a given claimant. 20 C.F.R. § 404.1520(a)(4)(v) (2014). Drake has made no effort to show any similarity in the RFC, age, education, or work experience between Drake and the other claimant.

Second, Drake has failed to show good cause for failing to submit the evidence sooner. The evidence itself is not "new"; the transcript offered is from a proceeding that occurred six months before Drake's second proceeding before the ALJ. (Doc. 11 at 4.) Moreover, the supplemental evidence is merely an attempt to raise the issue of whether the ALJ should have included information about Drake's alleged cane use to the VE. As shown above, Drake has waived review of this issue. Good cause cannot be shown where the fault to inquire about the

18

restriction lies with the claimant. Therefore, the court will not remand this case for supplemental evidence.

**III. CONCLUSION**

For the reasons stated, the court finds that the factual findings of the ALJ, which were adopted by the Commissioner, are supported by substantial evidence and were reached through application of the correct legal standard.

IT IS THEREFORE ORDERED that Drake's motion for judgment on the pleadings (Doc. 12) and Drake's motion to supplement the record (Doc. 10) are DENIED, the Commissioner's motion for judgment on the pleadings (Doc. 15) is GRANTED, and the action is DISMISSED WITH PREJUDICE.

                                 /s/   Thomas D. Schroeder
                                 United States District Judge

September 17, 2014